**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DARRYL G. JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-1314 SPM |
| ) | |
| ANNE PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Darryl Jordan, an inmate at Eastern Reception Diagnostic Correctional Center at Bonne Terre, Missouri, for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action as legally frivolous and for failure to state a claim upon which relief may be granted.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Anne Precythe, the Director of the Missouri Department of Corrections, and Case Manager Terence Anderson. Both defendants are sued in their official capacities only.

Plaintiff alleges that defendant Anderson opened his incoming mail (two envelopes) from the Missouri Department of Social Services, Family Support Division on or about November 8, 2022. Plaintiff refers to his mail as "legal mail," because it came from a state government agency. He also appears to assert that an unnamed correctional officer failed to provide him mail during

3

mail pass on that same day, but plaintiff not only fails to identify the correctional officer, but he also fails to indicate how and when he eventually received the mail.[1]

Plaintiff additionally complains that Anderson "denied him his right to a grievance or Informal Resolution Request" on November 18, 2022, during a meeting in which they were discussing the "mail tampering incident." Plaintiff does not indicate whether he filed an IRR relative to the incident at a later date.

Plaintiff does not include any allegations in his complaint relative to defendant Anne Precythe.

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims.

Plaintiff indicates he is suing both defendants in their official capacities only. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

---

[1] Plaintiff's failure to not only properly identify the defendant, but also failure to articulate his claim for relief, is fatal to any claim he might be able to articulate before the Court.

4

Anne Precythe and Terence Anderson are both employees of the State of Missouri. Claims brought against state officers in their official capacities are claims against the State of Missouri. *Will,* 491 U.S. at 71. The State of Missouri is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages. *Id.; see also*, *Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (asserting that "a state is not a person for purposes of a claim for money damages under § 1983"). For these reasons, plaintiff's claims for relief against defendants in their official capacities are subject to dismissal.

Even if plaintiff had sued defendants in their individual capacities, his claims would fail. Plaintiff alleges he was denied the use of the prison grievance procedure. Unfortunately, this fails to state a constitutional violation. An inmate has a liberty interest in the nature of his confinement, but not an interest in the procedures by which the state believes it can best determine how he should be confined. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). As such, "there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). *See also Jenner v. Nikolas*, 828 F.3d 713, 716-17 (8th Cir. 2016) (explaining that "[t]he existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest"). To that end, a prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); and *Fallon v. Coulson*, 5 F.3d 531, 1993 WL 349355, at *1 (8th Cir. 1993) (unpublished opinion) (stating that

the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights"). Thus, his claim against defendant Anderson relating to Anderson's failure to provide him with an IRR fails to state a claim for relief.

Second, plaintiff has failed to articulate any claims against defendant Anne Precythe. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Thus, the claims against Precythe are also subject to dismissal.

Last, plaintiff's assertions that Anderson opened his mail from the Missouri Department of Social Services, Family Support Division, fails to state a First Amendment claim. Non-privileged mail is not immune from inspection. *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). Plaintiff does not allege that the defendants read or opened any correspondence that was marked as attorney-client privileged. Even if this Court considered the letters from the Department of Social Services, Family Support Division to be legal mail, plaintiff has not asserted that he was prejudiced by the opening of it without his presence. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012) (an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not rise to a constitutional violation); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (to successfully claim a denial of access to the courts an inmate must demonstrate that he suffered

prejudice from the inadvertent opening of legal mail); *Berdella v. Delo,* 972 F.2d 204, 210 (8th Cir. 1992). As such, plaintiff's First Amendment claims fail to state a claim for relief.

For the foregoing reasons, the Court concludes that plaintiff's complaint is frivolous and/or fails to state a claim upon which relief may be granted. It would be futile to permit plaintiff the opportunity to file an amended complaint because there is no indication that his claims arise from conduct that invades a federally-protected right. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or for legal frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of May, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE